ELIZABETH H. MAGEE, Administratrix of SAMUEL MAGEE, deceased, *v.* CLAYTON LODGE, No. 4, KNIGHTS OF PYTHIAS.

An action at law will lie against a lodge of the Knights of Pythias for benefits due to a member of it at his death, who had paid his dues to it up to that time.

THIS was an action of *assumpsit* for certain weekly dues at the rate of six dollars per week for forty-six weeks, which it was alleged the deceased was entitled to at the time of his death from the defendant, of which order and lodge he had during that time been a member, with the usual pleas. Heard before Wootten and Houston, Judges, Comegys, C. J., absent.

The act of incorporation of the defendant was put in evidence on behalf of the plaintiff, with a printed copy of the constitution,

by-laws, and rules of order of the lodge, from which it appeared that any member of it who had attained to the knight's degree in it for a period of not less than nine months, and who was in arrears not more than three months in the payment of his dues to it, in case of sickness or disability should be unable to follow his usual or any other occupation, provided the same was not produced by intemperance or other immoral conduct, on application to the committee of relief should receive weekly the sum of six dollars during the continuance of such sickness or disability, but no member should receive benefits for any time previous to being reported to the relief committee. And in no case should any member receive benefits while there was a charge pending against him, and no member applying for benefits who was three months in arrears should receive the same until six weeks after the arrearages were paid. It was further proved that the deceased was admitted a member of the lodge on the 23d day of June, 1870, and continued a member of it in good standing in all respects and of the knight's degree until his death on the 1st day of May, 1877. The amount claimed by the plaintiff was two hundred and seventy-six dollars, with interest from that date.

For the defendant it was proved that the deceased had been admitted a member of the lodge on a certificate of his membership in a similar lodge in New Jersey prior to that time, and had been sick and disabled in all for thirty weeks, up to April 25th, 1875, during which his weekly benefits had been paid to him, amounting to one hundred and eighty dollars ; and he had in the meantime during his membership paid in dues to the lodge forty-four dollars and forty cents. During the three months preceding the 22d day of April, 1875, the lodge had paid out in benefits to six members four hundred and twenty-one dollars and ten cents, and for the want of funds it was obliged to suspend the payment of them for six months, as it had authority to do under its constitution, and which was sanctioned by a unanimous vote of the lodge. It resumed payment six months afterward, and after that the deceased was paid sixty dollars, and still later one hundred and fifty dollars was paid to his widow after his death to pay his burial expenses—amounting in the whole to three

hundred and ninety dollars.   The deceased was sick three differ-
ent times and in receipt of his weekly benefits from the lodge.

*Bird* (*Randall* with him) for the defendant, contended that by
the constitution and laws of the Supreme Order of the Knights
of Pythias, a meritorious and benevolent brotherhood volun-
tarily associated together and organized as a charitable corpora-
tion for their mutual benefit and relief in case of sickness, the
plaintiff had her only and appropriate remedy by an appeal to
it in this case, and where full justice would have been afforded
her had she resorted to it.   It could not be considered to con-
stitute under such articles of association a legal obligation or
business contract on which an action at law could be maintained,
and no such suit at law had ever before been brought in any
State in the Union.

*Lore,* for the plaintiff: This was a contract cognizable in a
court of law clearly.   The legal consideration for the promise
sued on in this action was the dues agreed to be paid by the de-
cedent as a member of it to the lodge, and which were paid by
him.   The promises were mutual between the parties to the con-
tract and constituted a good and valuable consideration in law
for each other.

*The Court, Wootten, J., charged the jury:* That the action would
lie on the contract between the parties alleged in the case, and
if they were satisfied from the evidence that there was any
balance due from the lodge to the decedent or his administratrix,
the plaintiff in the action, after deducting the payments which
had been made by the lodge, the defendant, and which were not
denied or disputed, they should find a verdict for the plaintiff
for that amount with interest from the death of the decedent.